UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEENA B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01820-TWP-TAB |
| ) | |
| KILOLO KIJAKAZI Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR REMAND**

**I.     Introduction**

Plaintiff Deena B. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the Administrative Law Judge erred by dismissing her migraine headaches as nonsevere and in evaluating the examination findings of a consultative psychologist.  However, the ALJ proceeded through all five steps of the sequential evaluation process, so her step two determination that Plaintiff's migraine headaches were nonsevere cannot be ground for remand.  Moreover, no medical source opined that Plaintiff's migraine headaches were severe.  Thus, substantial evidence supported the ALJ's finding that Plaintiff's migraines were nonsevere.  In addition, the ALJ reasonably and accurately considered the evidence from the consultative psychologist.  Therefore, Plaintiff's request for remand should be denied.  [Filing No. 12.]

**II.     Background**

On September 18, 2019, Plaintiff filed a Title II application for disability insurance benefits and Title XVI application for supplemental security income, alleging disability beginning on August 3, 2019. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. Before reaching step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 3, 2019, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease with cervical radiculopathy; degenerative joint disease of knees and hips; hip bursitis; fibromyalgia; depression; anxiety; and neurocognitive disorder. [Filing No. 10-2, at ECF p. 17.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [P]laintiff can occasionally perform rotation and flexion of the neck. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds, work at unprotected heights, work near dangerous moving machinery, work in loud noise above level three, or work in extreme cold. She can perform simple, routine tasks, in a work environment free of fast-paced production requirements and involving occasional simple, work related decisions with routine workplace changes.

[Filing No. 10-2, at ECF p. 20.]

At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC before concluding that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including collator operator, inspector, and price marker. [Filing No. 10-2, at ECF p. 26.] Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.   Discussion

Plaintiff argues that the ALJ erroneously concluded that Plaintiff's migraine headaches are not severe, failed to discuss the impact of her migraines and fatigue on her ability to maintain employment, and improperly considered the opinion of a consultative psychologist. The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

### A. Plaintiff's migraine headaches and fatigue

Plaintiff argues that the ALJ erroneously concluded her migraine headaches were a nonsevere impairment, ignored her complaints of fatigue, and failed to discuss the impact of her migraines and fatigue on her ability to consistently perform and maintain employment. [Filing No. 12, at ECF p. 17.] The ALJ found that Plaintiff had several severe impairments, including cervical and lumbar degenerative disc disease with cervical radiculopathy; degenerative joint disease of knees and hips; hip bursitis; fibromyalgia; depression; anxiety; and neurocognitive disorder. [Filing No 10-2, at ECF p. 17.] She then concluded that Plaintiff had hypertension, gastroesophageal reflux disease, eczema, plantar fasciitis, vertigo, carpal tunnel syndrome, migraine headaches, insomnia, a history of cerebrovascular accident, and obesity that she deemed to be nonsevere impairments. [Filing No. 10-2, at ECF p. 18.]

Plaintiff claims that the ALJ erred in dismissing her migraines as nonsevere. However, "[s]tep two is merely a threshold inquiry; so long as one of the claimant's limitations is found to be severe, error at that step is harmless." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). Plaintiff argues that no case law exists to support the Commissioner's "fatally flawed" argument that "because the ALJ found one of [Plaintiff]'s impairments to be severe, the ALJ's Step Two finding that [her] headaches were not severe is not 'reversible error.' " [Filing No. 14, at ECF p. 2.] However, Plaintiff misstates the Commissioner's argument. The Commissioner identified the regulation that defines severe impairment and cited to case law explaining when an impairment is not severe. *See* 20 C.F.R. § 404.1520(c) (severe impairment is one that "significantly limits your physical or mental ability to do basic work activities"). Then, the Commissioner quoted the case law noted above explaining that step two is merely a threshold requirement in the evaluation process. The Commissioner correctly articulated the five-step

sequential evaluation process for determining whether an individual is disabled and explained that so long as a claimant has a severe impairment or combination of impairments, the ALJ's analysis proceeds to the next step. At step four, the ALJ must consider all of a claimant's impairments, both severe and nonsevere, and determine the claimant's RFC. 20 C.F.R. § 404.1520(e). The ALJ did that here.

Furthermore, no medical source opined that Plaintiff's migraine headaches were severe. Unfortunately, Plaintiff completely ignores this portion of the Commissioner's argument in her reply brief. [Filing No. 14.] All the state agency reviewing physicians, at both the initial and reconsideration level, concluded that Plaintiff's migraine headaches were not a severe impairment. [Filing No. 10-3, at ECF p. 8.] The ALJ found the medical opinions of the state agency medical and psychologist experts persuasive in relation to Plaintiff's ability to perform work functions. The ALJ adopted the work-related limitations those experts assessed. In addition, the ALJ included additional limitations for Plaintiff's neck movement and her exposure to work hazards, loud noise, and extreme cold because of evidence post-dating the state agency experts' opinions. [Filing No. 10-2, at ECF p. 23-24.] The ALJ's decision reflects consideration of Plaintiff's migraine headaches by the ALJ when determining her RFC. As a result, substantial evidence supported the ALJ's finding that Plaintiff's migraines were nonsevere.

Aa for fatigue, the Commissioner's response brief omits any reference to this portion of Plaintiff's argument, which is woven in throughout the section of Plaintiff's brief addressing her migraine headaches. Nevertheless, Plaintiff conflates an alleged symptom with an impairment. Plaintiff did not testify about complaints of fatigue, and points to no medical diagnosis related to her fatigue. Rather, Plaintiff notes that she reported difficulties with fatigue and feeling tired to her physicians. [Filing No. 12, at ECF p. 22.] Plaintiff's hearing testimony largely focused on

5

complaints of pain and mental health issues like panic attacks. [Filing No. 10-2, at ECF p. 55-62.] At the hearing, Plaintiff testified that she only sleeps two or three hours per night, gets poor sleep, and "sometimes" lays down during the day. But when asked how often she lays down, she said "not much" due to pain. [Filing No. 10-2, at ECF p. 55.]

The ALJ's decision described Plaintiff's complaints regarding her alleged physical limitations, as well as her migraines, insomnia, and many other impairments. The ALJ concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with her demonstrated abilities and activities, as well as the evidence in the record. For instance, in relation to physical limitations, the ALJ acknowledged Plaintiff alleged difficulty sleeping due to pain symptoms. However, the ALJ found that in conflict with Plaintiff's testimony that she could drive for less than two hours at a time, cook for herself, shop independently, clean her own laundry, and perform personal hygiene activities without assistance. [Filing No. 10-2, at ECF p. 21.]

The fact that the ALJ did not specifically address Plaintiff's complaints of fatigue throughout the record does not support remand. Plaintiff supports her argument with a modified quote from a decision in the Western District of Wisconsin, *Olson v. Colvin*, No. 12-cv-591-wmc, 2014 WL 4792117, at *5 (W.D. Wis. Sept. 24, 2014). However, in *Olson*, the Western District of Wisconsin found the ALJ made no finding as to whether the plaintiff's diagnosis of rheumatoid arthritis was severe or nonsevere, despite medical evidence in the record supporting the diagnosis. *Id.* Failure to consider a documented diagnosis or issue is not equivalent to omitting discussion about a general symptom occasionally referenced in the record. Moreover, even if the ALJ should have addressed Plaintiff's complaints of fatigue, Plaintiff points to no medical opinion indicating that she needed additional limitations to account for fatigue and made

no reference to fatigue at the hearing. Plaintiff has not demonstrated that the ALJ committed a level of error that warrants remand.

## B.  Consideration of evidence from consultative psychologist

Plaintiff next argues that the ALJ did not accurately consider Plaintiff's mental status examination with consultative psychologist J. Mark Dobbs, Psy.D. [Filing No. 12, at ECF p. 11.] Plaintiff attended a consultative psychological examination by Dr. Dobbs in December 2019. Dr. Dobbs concluded that Plaintiff's current functioning was quite limited, a diagnosis of major neurocognitive disorder was warranted, and her cognitive abilities were not likely to improve with time or treatment. [Filing No. 10-7, at ECF p. 182.] Plaintiff acknowledges that the ALJ referenced Dr. Dobbs's report in her summary of the medical evidence but argues that the ALJ failed to consider his report and opinions in the section specifically addressing medical opinions and the weight given to the administrative medical findings. [Filing No. 12, at ECF p. 12.] While Plaintiff clarifies that the ALJ seemingly discredited or countered Dr. Dobbs's findings by citing limited findings from other examinations, Plaintiff argues that since the ALJ failed to indicate what weight she assigned Dr. Dobbs's opinion, there is not enough information to review how the ALJ evaluated it. [Filing No. 12, at ECF p. 13.]

The Commissioner counters that since Dr. Dobbs did not comment on Plaintiff's ability to perform the physical, mental, and/or environmental demands of work, Dr. Dobbs did not provide a medical opinion that the ALJ was obliged to consider. [Filing No. 13, at ECF p. 9.] The regulations define a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the ability to perform the physical demands of work activities, mental demands of work activities, or other demands of work, and the claimant's ability to adapt

7

to environmental conditions (e.g., temperature extremes).  *See* 20 C.F.R. § 404.1513(a)(2).  Dr. Dobbs's evaluation makes no mention of Plaintiff's ability to perform the demands of work.  Thus, the ALJ was not obligated to consider his report.

However, even if Dr. Dobbs's report should have been classified as a medical opinion, the ALJ's decision reflects adequate consideration of his findings.  The ALJ referred to Dr. Dobbs's findings throughout her step three analysis when evaluating the severity of Plaintiff's mental impairments.  [Filing No. 10-2, at ECF p. 19.]  In addition, the ALJ provided a detailed summary of Dr. Dobbs's report:

> In a psychological consultative examination in December 2019 the claimant performed poorly on testing with the Wechsler Memory Scale – Fourth Edition (WSM-IV), although the examiner noted this appeared related more to poor cognitive performance at the time than to poor memory.  She also performed poorly on immediate and recent memory questions, gave incorrect responses to some basic calculation questions, and could not complete a serial 7's calculation, but she showed normal long-term memory.  However, results of other examinations varied with one examination showing ability to follow simple directions without difficulty and grossly normal intellectual function despite unclear memory of recent and remote events, and another examination showing normal immediate recall after give minutes despite seeming to have below average intellect and impaired judgment and insight.  Other examinations showed uniformly normal findings including normal attention and concentration abilities, normal ability to recall three items after five minutes, intact recent and remote memory, and appropriate fund of knowledge.  The cognitive results of this examination support the claimant's severe impairment of neurocognitive disorder, but the above-referenced treatment records and the claimant's independent daily activities do not support more than moderate functional limitations overall in the abilities to understand, remember, or apply information and concentrate, persist, or maintain pace.

[Filing No. 10-2, at ECF p. 22 (internal citations omitted).]  So long as the ALJ's evaluation of a medical opinion is supported by substantial evidence, it should be affirmed.  It is not the Court's role to re-weigh the evidence or substitute judgment for that of the ALJ.  *See, e.g., Burmester, 920 F.3d at 510*.  The ALJ weighed the conflicting evidence in the record, assessed Plaintiff's ability to work despite her impairments, and found a significant number of jobs existed that

Plaintiff could still perform, despite her impairments. For these reasons, Plaintiff's request for remand should be denied.

## IV. Conclusion

Plaintiff's challenges regarding her migraine headaches and the ALJ's consideration of Dr. Dobbs's opinion fail to show remand is required. The ALJ's findings were supported by substantial evidence. Accordingly, Plaintiff's request for remand should be denied. [Filing No. 12.] Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 5/17/2022

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email