UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEENA B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01820-TWP-TAB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Deena B. appeals the Administrative Law Judge's decision denying her applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C § 636, the Court referred the matter to the Magistrate Judge (Filing No. 15), who submitted a Report and Recommendation on May, 17 2022, recommending that the decision of the Commissioner be affirmed (Filing No. 16). Deena B. timely filed an Objection to the Magistrate Judge's Report and Recommendation (Filing No. 18). For the reasons set forth below, the Court **OVERRULES** the Deena B.'s Objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the decision of the Commissioner.

### I.   BACKGROUND

An extensive elaboration of the procedural and factual background of the matter is not required, as the parties and the Magistrate Judge have sufficiently detailed the background of the

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

matter in the briefs and the Report and Recommendation.  The Court mentions only those facts that are relevant to this decision.

Deena B. 1 was 50 years old as of the alleged onset date. She has a high school education and has past relevant work as a grocery cashier, store laborer, and mental disability aide. She has suffered various mental and physical impairments for a number of years. Because her activities of daily living and her ability to work were affected by her various physical and mental health impairments. Deena B. protectively filed her application for SSI and DIB on September 18, 2019, alleging August 3, 2019 as the disability onset date.  In her disability applications, she asserted impairments of back pain, fibromyalgia, migraines, multiple sclerosis, knee pain, anxiety, depression, and bipolar disorder (Filing No. 12 at 3).

Deena B.'s applications were denied initially on December 10, 2019, and again on reconsideration on March 3, 2020.  *Id*.  Deena B. timely requested a hearing on her applications, which was held by telephone due to the COVID-19 pandemic before Administrative Law Judge Colleen M. Mamelka ("the ALJ") on November 16, 2020.  *Id*.  The ALJ issued her decision on December 2, 2020, denying Deena B.'s application, having determined that she was not disabled. *Id*.  Deena B. sought review of the ALJ's decision by the Appeals Council.  *Id*.  On April 26, 2021, the Appeals Council denied Deena B.'s request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  *Id*.

Deena B. timely filed her Complaint with the Court on December 11, 2021, seeking judicial review of the Commissioner's decision.  (Filing Nos. 1, 12.)  On April 12, 2022, the Court issued an Order referring the matter to the Magistrate Judge for a report and recommendation. (Filing No. 15.)  The Magistrate Judge filed his Report and Recommendation on May 17, 2022, recommending that the decision by the ALJ should be affirmed.  (Filing No. 16.)  Thereafter, on May 31, 2022,

Deena B. filed her Objections to the Report and Recommendation, asserting that the ALJ's decision did not sufficiently address her migraines and fatigue and failed to properly weigh the opinion of the consultative psychologist, J. Mark Dobbs, Psy.D ("Dr. Dobbs") (Filing No. 18). On June 1, 2022, the Commissioner filed her response to Deena B.'s Objections. (Filing No. 19.)

The ALJ found that Deena B. had several severe impairments, including cervical and lumbar degenerative disc disease with cervical radiculopathy; degenerative joint disease of knees and hips; hip bursitis; fibromyalgia; depression; anxiety; and neurocognitive disorder. (Filing No. 10-2, at 17.) The ALJ also concluded that Deena B. had hypertension, gastroesophageal reflux disease, eczema, plantar fasciitis, vertigo, carpal tunnel syndrome, migraine headaches, insomnia, a history of cerebrovascular accident, and obesity that she deemed to be nonsevere impairments. *Id*. At 18.

The Magistrate Judge found no error in the ALJ's conclusion, finding the ALJ proceeded through all five steps of the sequential evaluation process, so her step-two determination that Deena B.'s migraine headaches were non-severe cannot be ground for remand. Moreover, no medical source opined that Deena B.'s migraine headaches were severe. Thus, substantial evidence supported the ALJ's finding that Deena B.'s migraines were non-severe. In addition, the ALJ reasonably and accurately considered the evidence from the consultative psychologist, therefore, Deena B.'s request for remand should be denied.  (Filing No. 16 at 1.)

## I.   LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Id*. The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

## II.     DISCUSSION

In her appeal of the ALJ's decision, Deena B. advanced two primary arguments: (1) the ALJ did not adequately explain her rationale for giving a consultative psychological examiner's opinion little weight, and (2) the ALJ erred by not creating a logical bridge between the evidence

4

and the determination that the migraine headaches she suffered were non-severe as well as the impact of her migraines and resulting fatigue on her ability to maintain employment.

Concerning the second argument, the Magistrate Judge explained that the ALJ committed no error warranting remand because "[s]tep two is merely a threshold inquiry; so long as one of the claimant's limitation is found to be severe, error at that step is harmless." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). Deena B. argues that no case law exists to support the Commissioner's "fatally flawed" argument that "because the ALJ found one of [Deena B.'s] impairments to be severe, the ALJ's Step Two finding that [her] headaches were not severe is not 'reversible error.'" (Filing No. 14 at 2 (internal citations omitted).) However, Deena B. misstates the Commissioner's argument. The Commissioner identified the regulation that defines severe impairment and cited to case law explaining when an impairment is not severe. (*See* 20 C.F.R. § 404.1520(c) (severe impairment is one that "significantly limits your physical or mental ability to do basic work activities").) Then, the Commissioner quoted the case law noted above explaining that step two is merely a threshold requirement in the evaluation process. The Commissioner correctly articulated the five-step sequential evaluation process for determining whether an individual is disabled and explained that so long as a claimant has a severe impairment or combination of impairments, the ALJ's analysis proceeds to the next step. At step four, the ALJ must consider all of a claimant's impairments, both severe and non-severe, and determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). The ALJ did that here.

Deena B. also argues that the ALJ failed to adequately explain her rationale for giving little weight to the mental status examination with consultative psychologist Dr. Dobbs. Deena B. attended a consultative psychological examination by Dr. Dobbs in December 2019. Dr. Dobbs concluded that Deena B.'s current functioning was quite limited, a diagnosis of major

neurocognitive disorder was warranted, and her cognitive abilities were not likely to improve with time or treatment. (Filing No. 10-7 at 182.) Deena B. acknowledges that the ALJ referenced Dr. Dobbs' report in her summary of the medical evidence but argues that the ALJ failed to consider her report and opinions in the section specifically addressing medical opinions and the weight given to the administrative medical findings. Deena B. further contends that since the ALJ failed to indicate what weight she assigned Dr. Dobbs' opinion, there is not enough information to review how the ALJ evaluated it.

The Commissioner counters that since Dr. Dobbs did not comment on Deena B.'s ability to perform the physical, mental, and/or environmental demands of work, Dr. Dobbs did not provide a medical opinion that the ALJ was obliged to consider. (Filing No. 13 at 9.) The Court finds the reasoning of the Commissioner persuasive. The regulations define a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the ability to perform the physical demands of work activities, mental demands of work activities, or other demands of work, and the claimant's ability to adapt to environmental conditions (*e.g.*, temperature extremes). *See* 20 C.F.R. § 404.1513(a)(2). Dr. Dobbs' evaluation makes no mention of Deena B.'s ability to perform the demands of work. Thus, the ALJ was not obligated to consider her report.

However, even if Dr. Dobbs' report should have been classified as a medical opinion, the ALJ's decision reflects adequate consideration of her findings. The ALJ referred to Dr. Dobbs' findings throughout her step three analysis when evaluating the severity of Deena B.'s mental impairments. (Filing No. 10-2 at 19.) In addition, the ALJ provided a detailed summary of Dr. Dobbs' report:

6

> In a psychological consultative examination in December 2019 the claimant performed poorly on testing with the Wechsler Memory Scale – Fourth Edition (WSM-IV), although the examiner noted this appeared related more to poor cognitive performance at the time than to poor memory. She also performed poorly on immediate and recent memory questions, gave incorrect responses to some basic calculation questions, and could not complete a serial 7's calculation, but she showed normal long-term memory. However, results of other examinations varied with one examination showing ability to follow simple directions without difficulty and grossly normal intellectual function despite unclear memory of recent and remote events, and another examination showing normal immediate recall after five minutes despite seeming to have below average intellect and impaired judgment and insight. Other examinations showed uniformly normal findings including normal attention and concentration abilities, normal ability to recall three items after five minutes, intact recent and remote memory, and appropriate fund of knowledge. The cognitive results of this examination support the claimant's severe impairment of neurocognitive disorder, but the above-referenced treatment records and the claimant's independent daily activities do not support more than moderate functional limitations overall in the abilities to understand, remember, or apply information and concentrate, persist, or maintain pace.

(Filing No. 10-2 at 22 (internal citations omitted).)  So long as the ALJ's evaluation of a medical opinion is supported by substantial evidence, it should be affirmed.  It is not the Court's role to re-weigh the evidence or substitute judgment for that of the ALJ.  *See, e.g.*, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).  As noted by the Magistrate Judge, the ALJ weighed the conflicting evidence in the record, assessed Deena B.'s ability to work despite her impairments, and found a significant number of jobs existed that Deena B. could still perform, despite her impairments.

Finally, Deena B. asserts that the ALJ's failure to mention her migraines as well as fatigue and its impact in combination with other impairments is similar to the ALJ in *Yurt*, which failed to mention the claimant's tension headaches in combination with other impairments.  *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014).  She argues that "not only did the Defendant fail to address this argument entirely, but the Magistrate dismisses the argument because Deena did not testify about complaints of fatigue." (Filing No. 18 at 3).  However, as the Magistrate Judge noted,

the ALJ did address Deena B.'s headaches (Dkt. 16 at pp. 4-5). More importantly, as the Magistrate Judge noted, Deena B. was unable to point to any medical source who assessed her with greater work limitations due to headaches or fatigue (Dkt. 16 at pp. 6-7). The Court concurs with the conclusion of the Magistrate Judge and agrees that the decision of the ALJ should be affirmed.

### III.   CONCLUSION

The Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** Deena B.'s Objections (Filing No. 18).  For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation **AFFIRMING** the Commissioner's decision (Filing No. 16).

**SO ORDERED.**

Date:   9/30/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kirsten Elaine Wold
HANKEY LAW OFFICE
kwold@hankeylaw.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov